**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION**

| | | |
|---|---|---|
| DANIEL CASTILLO, | ) | |
| | ) | **COMPLAINT** |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-cv-3720 |
| | ) | |
| | ) | |
| MLG CONSTRUCTION OHIO, LLC | ) | **JURY TRIAL DEMANDED** |
| and CESAR GONZALEZ, | ) | |
| | ) | |
| *Defendants.* | ) | |

<u>**Plaintiff Daniel Castillo's Original Complaint and Jury Demand**</u>

Plaintiff Daniel Castillo ("Mr. Castillo" or "Plaintiff") serves the following Original Complaint on Defendants MLG Construction Ohio, LLC ("MLG") and Cesar Gonzalez ("Mr. Gonzalez") (collectively "Defendants") and alleges the following:

**I.
<u>Parties</u>**

1.     **<u>Plaintiff Daniel Castillo</u>** is an individual residing in Hidalgo County, Texas.

2.     **<u>Defendant MLG Construction Ohio, LLC</u>** is a limited liability company with its principal office and principal place of business at 372 Postle Boulevard, Columbus, Ohio, 43228. This entity may be served via its registered agent Cesar Gonzalez at 372 Postle Blvd., Columbus, Ohio 43228 or wherever he may be found.

3.     **<u>Defendant Cesar Gonzalez</u>** is an individual residing in Columbus, Ohio. He may be served at 372 Postle Blvd., Columbus, Ohio 43228 or wherever he may be found.

**II.
<u>Jurisdiction and Venue</u>**

4.     This Court has subject matter jurisdiction over this cause of action because complete diversity exists pursuant to 28 U.S.C. § 1332. The Parties are citizens of different states, and Plaintiff seeks relief in excess of $75,000, exclusive of interests and costs.

5.      Venue is proper in the United States District Court For the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants are at home in his forum.

### III.
### Factual Background

**A.  Introduction to the Parties.**

6.      MLG is a construction company that operates throughout the United States and Canada. MLG is owned and controlled by Defendant Cesar Gonzalez out of Columbus, Ohio.

7.      MLG has few W-2 employees. Most of its workers are contract laborers or contractors paid by 1099 or paid cash under the table. MLG hires mostly undocumented or hispanic laborers willing to work for very low compensation.

8.      Daniel Castillo lives with his family in Hidalgo County, Texas. He is thirty-four-years-old.

9.      Cesar Gonzalez hired Daniel Castillo as a contract laborer and paid him cash via Cashapp. Cesar Gonzalez initially hired Daniel Castillo to work on a project in Canada. But ultimately, Cesar Gonzalez paid Mr. Castillo to relocate to Shelby, Iowa in April of 2022 to work as a contract laborer at a construction project, building a Menards Distribution Center in Shelby, Iowa; MLG was hired as a subcontractor on the project to frame the distribution center.

10.      Even though MLG hired Mr. Castillo as a contract worker, MLG controlled the means and methods of Mr. Castillo's work. MLG and Mr. Gonzalez supervised and managed Mr. Castillo's day-to-day labor. Defendants were also required to provide the tools, equipment, and materials Mr. Castillo needed to perform his job.

11.     Therefore, while Mr. Castillo was not an employee of Cesar Gonzalez and MLG, Defendants exercised control over Mr. Castillo sufficient to impose a duty on Defendants to provide him with a safe work site.

**B. On April 24, 2022, Mr. Castillo falls off a collapsing, unsafe, make-shift scaffold and suffers life-altering injuries.**

12.     On April 24, 2022, Mr. Castillo was framing the distribution center with Defendants. Defendants failed to provide its laborers with safe scaffolds so they could safely perform their work. Instead, Defendants required Mr. Castillo to stand on a small two by four-inch board, twenty-feet above the ground. The board was nailed into place, and the board served as a make-shift scaffold.

13.     But this board was not meant to support one or more grown men standing on the board and hammering for long periods of time. Defendants—who were in charge of safety—knew their contractor laborers were working on these incredibly unsafe conditions. Defendants not only allowed this unsafe condition to occur, but Defendants openly encouraged Mr. Castillo and his laborers to utilize these make-shift scaffolds to save time and money. Defendants placed profits over safety.

14.     Each time Mr. Castillo hammered, the board shifted, causing the board to come loose from the nail holding it in place. Eventually the board snapped free, causing the make-shift scaffold to collapse.

15.     Mr. Castillo fell over twenty feet to the ground and landed on his back. Mr. Castillo broke his back in several places in addition to numerous other life-altering orthopedic injuries and lacerations across his body.

16.     Mr. Castillo was airlifted to the University of Nebraska Medical Center for emergency surgeries. Despite knowing that its contract worker had been injured on its make-shift scaffold, Defendants ignored Mr. Castillo, refused to pay for his medical bills,

and never came to visit him or call him in the hospital. To make matters worse, Defendants refused to pay Mr. Castillo for his contracted services prior to his injuries. Defendants are unrepentant.

17. Mr. Castillo brings this lawsuit to recover damages from his injuries and to ensure Defendants' unsafe and dangerous conduct ceases. A life is more important than a company.

## IV.
## Causes of Action

### A. Negligence/Gross Negligence

18. Plaintiff incorporates the above paragraphs as if set forth in full below.

19. Defendants owed Mr. Castillo a reasonable and ordinary duty of care to act as a reasonably prudent person would. On the occasion in question, Defendants committed acts of omission and commission, which collectively and severally constituted negligence and gross negligence. Defendants' imprudent acts included, but were not limited to:

- Failing to recognize and remediate hazards;

- Requiring Mr. Castillo to work on an unsafe surface;

- Failing to prevent unsafe conditions when it knew laborers were working under unsafe conditions;

- Failing to inspect the site to identify known hazards;

- Failing to warn invitees of reasonable hazards to be avoided;

- Failing to provide the necessary equipment for Mr. Castillo to perform his duties;

- Misrepresenting that the conditions were safe when they were not;

- Failing to properly inspect and supervise the work performed;

- Failing to conduct a JSA;

4

- Conducting a deficient JSA;

- Failing to properly warn employees that it was dangerous to erect and work on a make-shift scaffold, such as the one Mr. Castillo was working on;

- Failing to warn of the dangerous propensity of the 2x4 to collapse;

- Choosing to disregard and ignore generally accepted principles for managing a job site;

- Choosing to disregarding and ignore its obligation to hold the safety of Mr. Castillo paramount;

- Failing to instruct Mr. Castillo not to stand on the make-shift scaffold;

- Failing to supervise Mr. Castillo's work site;

- Failing to train its employees on how to supervise third party laborers and/or their work site;

- Failing to protect Mr. Castillo from reasonably foreseeable dangers;

- Failing to provide adequate safety equipment;

- Failing to maintain a safe work site;

- Failing to provide timely assistance;

- Ordering Mr. Castillo to perform unsafe and/or dangerous work;

- Promulgating policies and procedures that were inadequate and unsafe;

- Contributing to an unsafe work site;

- Failing to ensure a comprehensive job safety analysis was completed that identified and addressed all hazards;

- Failing to warn of a known hazard;

- Failing to follow OSHA and/or governmental utility standards with regard to safety equipment and work site requirements;

5

- Failing to follow industry standards, guidelines and requirements relating to the work performed by Mr. Castillo;

- Failing to properly train laborers that Defendants controlled on the work at issue in this case;

- Placing profits over safety;

- Failing to read, understand, and follow published safe work policies and procedures;

-  Preparing and promulgating a work plan that was unworkable and unsafe; and

- Participating in and contributing to the acts that cause the incident in question.

20.     Each of these acts and omissions, singularly or in combination with others, constitute negligence on the part of Defendants, which was a direct and proximate cause of this incident and the injuries sustained by Plaintiff. These actions were knowing, reckless, and willfully indifferent or malicious. Plaintiff thus seeks punitive damages.

### B. Respondeat Superior/Agency

21.     Plaintiff incorporates the above paragraphs as if set forth in full below.

22.     At all times, Defendants' contractors, employees, owners and laborers were agents and/or servants on behalf of Defendants. Defendants exercised control over their agents and/or servants, and Defendants' servants were operating within the scope of their employment for Defendants.

23.     As such, these Defendants are liable for the conduct and damages caused by any conduct of their employees that contributed to the damages sought in this suit.

### V.
### Damages

24.     As a direct and proximate result of the foregoing events, Plaintiff Castillo suffered damages in the past and, in reasonable probability, will continue to suffer

damages in the future, including physical pain and suffering, disfigurement, mental anguish, loss of earning capacity, past, present, and future medical expenses, all for which Plaintiff seeks recovery herein. Plaintiff also seeks punitive damages.

## VI.
## Demand for Jury Trial

25.     Plaintiff respectfully demands a jury trial and tenders the appropriate fee with this Complaint.

## VII.
## Prayer

26.     For the aforementioned reasons, Plaintiff Daniel Castillo prays for judgment against Defendants in the amount of ten million dollars ($10,000,000) for actual damages for pecuniary losses, pain and suffering, disfigurement, mental anguish, and past, present, and future medical expenses; economic damages, exemplary damages, pre-judgment and post-judgment interest as allowed by law; all costs of Court; and all such other and further relief, at law and in equity, to which he may be justly entitled.

Respectfully Submitted,

By:     /s/Charles E. Boyk
        Charles E. Boyk (0000494)
        cboyk@charlesboyk-law.com
        Charles E. Boyk Law Offices, LLC
        1500 Timberwolf Drive
        Toledo, Ohio 43528
        Telephone: 419-241-1395
        Facsimile: 419-241-8731

        **Co-Counsel and Local Counsel for Plaintiff**

-       And   -

By:     /s/ *Anthony G. Buzbee*
        Anthony G. Buzbee
        State Bar No. 24001820
        tbuzbee@txattorneys.com
        David L. Bergen
        State Bar No. 24097371

7

dbergen@txattorneys.com
Brittany Ifejika
State Bar No. 24111011
bifejika@txattorneys.com
Thomas C. Holler
State Bar No. 24126898
choller@txattorneys.com
The Buzbee Law Firm
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**Lead Counsel for Plaintiff Daniel Castillo**

*(Applications for Admission Pro Hac Vice Filed At or About the Time of Filing of This Petition and Are Pending)*