UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL CASTILLO,

    Plaintiff,

v.

MLG CONSTRUCTION OHIO, LLC and CESAR GONZALEZ,

    Defendants.

:

Case No. 2:22-cv-3720
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

:

:

:

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' amended motion seeking default judgment against Defendants MLG Construction Ohio, LLC and Cesar Gonzalez. (ECF No. 59.) The Motion is unopposed. For the reasons below, the Motion is **GRANTED**.

    I.    BACKGROUND

All factual allegations in the Amended Complaint are deemed true due to the entry of default.

While working as an independent contract laborer at a construction site, Mr. Castillo fell twenty feet from a make-shift scaffold that collapsed underneath him. He was knocked unconscious, slit his right eye, and broke his back in four places. He was evacuated from the construction site in Iowa for medical treatment at a hospital in Nebraska.

Mr. Castillo brought this personal injury lawsuit to recover damages for his injuries against MLG and its owner, Mr. Gonzalez. MLG is an Ohio construction

company that was hired as a subcontractor to build the frames for a Menards Distribution Center in Shelby, Iowa. In April 2022, Mr. Gonzalez hired Mr. Castillo as an independent contractor and paid him cash via CashApp to work on the Menards project. MLG controlled the means and methods of Mr. Castillo's work. Specifically, Mr. Gonzalez supervised and managed Mr. Castillo's day-to-day work, and provided him with tools, equipment, and materials.

Defendants did not provide Mr. Castillo with safe scaffolds. Instead, they required him to stand on a small board, twenty feet above the ground. This makeshift scaffold shifted and became loose each time Mr. Castillo hammered on the frame. Eventually the board snapped, and Mr. Castillo fell to the ground, suffering life-altering injuries.

Mr. Castillo filed his Complaint in October 2022, and after several attempts, perfected service on MLG and Mr. Gonzalez. Mr. Castillo then applied for entry of default (ECF No. 28) and moved for default judgment (ECF No. 33). The Court denied the motion for default judgment because Mr. Castillo had not established subject matter jurisdiction (ECF No. 34) and permitted him to amend his Complaint, which he did (First. Am. Compl., ECF No 35).

Certified mail of the Amended Complaint was returned "unclaimed" as to both MLG and Mr. Gonzalez, so Mr. Castillo served them by ordinary mail. (ECF No. 40, 41, 49.) Neither the company nor Mr. Gonzalez has appeared or otherwise defended in this action.

Mr. Castillo submitted his Application for Default to the Clerk on April 2, 2024 (ECF No. 53), and default was entered the next day. (ECF No. 54.) Now before the Court is Mr. Castillo's amended motion for default judgment.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a party once default has been entered by the clerk. It provides that default judgment may be entered against a defendant who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(2). A defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citations omitted); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

While liability may be shown by well-pleaded allegations, courts must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *Ford Motor*, 441 F. Supp. 2d at 846 (citations omitted). Some evidence of damages is required. Courts may conduct an evidentiary hearing to determine damages, but such a hearing is not a prerequisite to the entry of a default judgment if a detailed affidavit allows a money judgment on the record. *See Joe Hand Promotions, Inc. v. RPM Mgmt. Co., LLC*, 2011 WL 5389425 *1 (S.D. Ohio Nov. 7, 2011) (Graham, J.).

### III. ANALYSIS

Mr. Castillo alleges that Defendants' negligent maintenance of the work site caused his injuries. To succeed on a negligence claim, Mr. Castillo must prove (1) that Defendants owed him a duty of care, (2) that Defendants breached their duty, and (3) that the breach caused his injury. *Rieger v. Giant Eagle, Inc.*, 138 N.E.3d 1121, 1125 (Ohio 2019) (citation omitted).[1]

A duty of care is fundamental to establishing a negligence action and is a question of law for the court to determine. *Mussivand v. David*, 544 N.E.2d 265, 270 (Ohio 1989). Gross negligence refers to a different degree of care; it is the "failure to exercise any or very slight care" or the "failure to exercise even that care which a careless person would use." *Wright v. Cnty. of Franklin, Ohio*, 881 F. Supp. 2d 887, 912 (S.D. Ohio 2012) (Frost, J.) (applying Ohio law). Some Ohio courts have held that gross negligence is evidenced by willful misconduct, wanton conduct, and recklessness. *See Harsh v. Lorain Cty. Speedway, Inc.*, 675 N.E.2d 885, 888 (Ohio Ct. App. 1996); *see also Vidovic v. Hoynes*, 29 N.E.3d 338, 348 (Ohio Ct. App. 2015). Willful misconduct implies an intentional deviation or a deliberate purpose not to discharge some duty necessary to safety; it also involves purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury. *Anderson v. Massillon*, 983 N.E.2d 266, 272-73 (Ohio 2012). Wanton misconduct is

---

[1] This case is before the Court on diversity. "[F]ederal courts sitting in diversity apply the substantive law of the forum state and federal procedural law." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (citing, *inter alia, Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1939)). Thus, Ohio law applies in this case.

the failure to exercise any care whatsoever. *Id.* (citation omitted). And recklessness is a perverse disregard of a known risk where the actor is conscious that his conduct will probably result in injury. *O'Toole v. Denihan*, 889 N.E.2d 505, 517 (Ohio 2008).

    A.    **MLG's Liability**

A company may be vicariously liable for the torts of its employees or agents under the law of agency. *Nat'l Union Fire Ins. Co. v. Wuerth*, 913 N.E.2d 939, 943 (Ohio 2009). Such liability is vicarious because the company is being held liable for another's conduct. *See id.*

There is no question that a construction site is inherently dangerous. But a subcontractor generally does not owe a duty of care or protection to its independent contractors even when the work being performed is inherently dangerous because the contractor is presumed to know and appreciate the danger surrounding performance of the work. *See Szotak v. Moraine Country Club, Inc.*, 872 N.E.2d 1270, 1273 (Ohio Ct. App. 2007); *Roseberry v. Diepenbrock*, 2017-Ohio-8788, ¶ 29. However, there is an exception to this general rule when the subcontractor "actively participates" in a project or controls a critical variable in the work environment. *Cracraft v. Dayton Power & Light Co.*, 2016-Ohio-3272, ¶ 13. Active participation means that the subcontractor directed the activity that resulted in the injury and/or gave or denied permission for the critical acts that led to the injury, not merely exercising a general supervisory role over the project. *Id.* (citing *Sopkovich v. Ohio Edison Co.*, 693 N.E.2d 233, 242 (Ohio 1988). One situation where a subcontractor may be held liable for the independent contractor's injuries is when the

subcontractor directs the contractor's work but fails to eliminate a hazard, which in the exercise of ordinary care could have been eliminated. *See Szotak*, 872 N.E.2d at 1274.

By failing to answer, MLG admits Mr. Castillo's allegation that it failed to exercise ordinary care to maintain a safe work site. Although he was an independent contractor, MLG controlled the means and methods of Mr. Castillo's work. Mr. Gonzalez supervised and managed Mr. Castillo's day-to-day labor, and provided Mr. Castillo with the tools, equipment, and materials he needed to perform his job. As a result of that active participation, MLG had a duty to eliminate any hazards at the work site that could be eliminated. But MLG required Mr. Castillo to use a make-shift scaffold—a small 2 x 4-inch board nailed in place about twenty feet above the ground. (First Am. Compl. ¶¶ 12–16.) As the workers hammered the framing, the board became loose. (*Id.*; Castillo Aff., ¶¶ 5–6, ECF No. 33-4, PAGEID # 1358.) Even after Mr. Castillo voiced concerns about the scaffold, MLG required him to continue to use it. (*Id.*) When the scaffold shifted and snapped, Mr. Castillo fell to the ground. (*Id.*) MLG's actions caused Mr. Castillo's injuries.

MLG's conduct was grossly negligent. The company did not provide a true scaffold. Even a careless person would appreciate the inherent danger in standing on a small board to work twenty feet above ground without any safety equipment. Based on the undisputed facts, MLG breached its duty of care to Mr. Castillo, and that breach caused his injuries.

Mr. Castillo has established that MLG was grossly negligent.

6

B.     Cesar Gonzalez's Liability

Generally, a member of a limited liability company has no personal liability for actions taken on behalf of the company. *See Dombroski v. WellPoint, Inc.*, 895 N.E.2d 538, 542-43 (Ohio 2008); *see also Dexxon Digit. Storage, Inc. v. Haenszel*, 832 N.E.2d 62, 69 (Ohio App. Ct. 2005) (applying the same rules that apply to corporations to LLCs). Nevertheless, an LLC member may be personally liable for torts he commits while in performance of his duties so long as the basis of liability is his violation of a duty he personally owes to the injured party. *See Cent. Benefits Mut. Ins. Co. v. RIS Admrs. Agency, Inc.*, 638 N.E.2d 1049, 1053 (Ohio App. Ct. 1994); *Roberts v. RMB Ents., Inc.*, 967 N.E.2d 1263, 1274 (Ohio Ct. App. 2011). An LLC member is bound to exercise ordinary care in the performance of his duties so if he fails to exercise care and causes injury to another, both he and the LLC may be liable. *See Atram v. Star Tool & Die Corp.*, 581 N.E.2d 1110, 1113 (Ohio Ct. App. 1989). The evidence must indicate that the LLC member "specifically directed the particular act to be done, or participated, or co-operated therein." *Id.* (citation omitted).

Mr. Castillo's allegations are not simply that Mr. Gonzalez is liable for MLG's actions because of he is the owner. Rather, Mr. Castillo asserts that Mr. Gonzalez personally supervised Mr. Castillo's day-to-day duties and provided him with tools and equipment to work on the project. (First Am. Compl. ¶ 10–13.) Mr. Castillo alleges that Mr. Gonzalez personally failed to provide him with a scaffold and instead required him to use the make-shift scaffold. (*Id.*) Although Mr. Gonzalez

7

knew about the small board shifting and becoming loose when the workers hammered, he "specifically directed" Mr. Castillo to keep using the make-shift scaffold. (Castillo Aff. ¶¶ 4–5, PAGEID # 1357–58.) His failure to personally exercise any slight care caused Mr. Castillo's injuries. Thus, Mr. Gonzalez was grossly negligent.

### C. Mr. Castillo's Damages

Mr. Castillo seeks economic and non-economic damages for his injuries. In support of his damages, he submitted over a thousand pages of medical bills (ECF No. 33-2; ECF No. 33-3); the affidavit of Dr. Jose Rodriguez, an orthopedic and spinal surgeon who treated Mr. Castillo; and Mr. Castillo's affidavit. An evidentiary hearing is not necessary.

#### 1. Economic Damages

With respect to economic loss damages, Mr. Castillo seeks $509,475 for past medical expenses, $100,000 for future medical care, $45,000 for lost wages, and $150,000 for loss of earning capacity. The Court has reviewed the evidence and finds that Mr. Castillo has proven these damages.

#### 2. Non-Economic and Punitive Damages

Regarding non-economic loss damages, Mr. Castillo seeks $350,000 for pain and suffering and $250,000 in punitive damages.

Ohio law recognizes damages for non-economic loss such as pain and suffering, disfigurement, and mental anguish, but they are limited to the greater of (1) $250,000; or (2) three times the economic loss not to exceed $350,000. Ohio Rev.

8

Code §§ 2315.18(A)(4), (B)(2). Punitive damages are also available for personal injury caused by malice or intentional, reckless, wanton, willful and gross acts. *Whetstone v. Binner*, 57 N.E.3d 1111, 1114 (Ohio 2006) (citation and internal quotation marks omitted). Punitive damages must not exceed two times the total compensatory damages awarded. Ohio Rev. Code § 2315.21(D).

The Court has found that Defendants' gross negligence caused Mr. Castillo's injuries. Mr. Castillo states that he was and still is in excruciating pain and suffers from depression, anxiety, and panic attacks as a result of his fall. (Castillo Aff. ¶¶ 13–16, PAGEID # 1359.) Mr. Castillo's request for non-economic loss damages is within the statutory limits, and the Court finds that these amounts are appropriate in this case.

## IV. CONCLUSION

Mr. Castillo's amended motion for default judgment (ECF No. 59) is **GRANTED** against Defendants MLG Construction Ohio, LLC and Cesar Gonzalez, jointly and severally. Judgment is hereby entered against Defendants in the amount of $1,404,475.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**